UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANA HACKNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF HAYWARD, et al.,<br><br>    Defendants. | Case No. 14-cv-01714-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**Dkt. No. 10** |

## I. INTRODUCTION

Plaintiff Shana Hackney filed this action under 42 U.S.C. § 1983 against Defendants City of Hayward, Chief of Police Diane Urban and police officer Loring Cox, claiming violations of her constitutional rights. Defendants have filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon While Relief May be Granted (hereafter, "Motion"). Defendants contend that Chief Urban should be dismissed and that Plaintiff has failed to state a claim for municipal liability. The Court finds the Motion suitable for determination without oral argument, and vacates the hearing scheduled for June 27, 2014, at 9:30 a.m. For the reasons explained below, Defendants' Motion is GRANTED in part and DENIED in part.[1]

## II. BACKGROUND

Plaintiff alleges that on April 8, 2013, she was a passenger in a car that was pulled over by a City of Hayward police patrol car. Compl. ¶ 11. The driver of the car that Plaintiff was in pulled into a parking lot, stopped the car, jumped out and ran away. *Id*. When Plaintiff complied with police orders to slowly vacate the car with her hands up, Defendant Cox allegedly ordered his

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

service dog "Nicky" to apprehend Plaintiff. *Id*. Nicky bit Plaintiff's leg and dragged her away from the car while Plaintiff cried for help. *Id*. Defendant Cox then arrested Plaintiff and charged her with resisting arrest. *Id*.

The Complaint asserts three causes of action. The first and third causes of action are asserted against Defendant Cox. Compl. ¶¶ 4, 15-16, 24-25. The second cause of action is filed under 42 U.S.C. § 1983 against Defendants City of Hayward and Chief Urban in her official capacity. In the second cause of action, Plaintiff alleges that Chief Urban and the City of Hayward "authorized the continuing pattern and practice of permitting canine officers to bite, menace and/or attack citizens without legal justification," and that "as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct," Chief Urban and the City of Hayward "encouraged and allowed these officers to continue their course of misconduct…." *Id*. ¶¶ 19-20. Plaintiff further alleges that Chief Urban and the City of Hayward "failed to properly train, supervise and/or implement and enforce a reasonable canine policy, resulting in the violation of Plaintiff's rights." *Id*. ¶ 21.

In the opening brief for the Motion, Defendants contend that Chief Urban should be dismissed because the City of Hayward is also a defendant, and therefore, "the inclusion of Chief Urban is redundant, unnecessary and harassing." Motion at 2. In the opposition brief, Plaintiff notes that Defendants fail to cite any authority for this proposition. In their reply brief, Defendants cite cases in support, and also argue that the second cause of action should be dismissed because the claim for municipal liability is not plausible.[2]

## III. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim for which relief can be granted

---

[2] Defendants only specifically move to dismiss Chief Urban and the second cause of action for municipal liability. Nonetheless, Defendants at times appear to seek to dismiss the entire complaint through this Motion. *See* Motion at 3 ("Based on the foregoing legal theories, Defendants are entitled to a dismissal of plaintiff's complaint."); Reply at 3 (same). Indeed, the caption of the Motion implies that Plaintiff has failed to state any claim at all, as the motion is entitled: "Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon Which Relief May be Granted." Nevertheless, Defendants present no challenge to the first and third causes of action filed against Defendant Cox. To the extent that Defendants seek to these claims, the Motion is DENIED.

2

1  under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed.R.Civ.P. 12(b)(6).  "The
2  purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the
3  complaint."  *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  In ruling on
4  a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true
5  and construe(s) them in the lights most favorable to the non-moving party."  *Parks Sch. of Bus. v.*
6  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).  The complaint need not contain "detailed factual
7  allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face."
8  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547
9  (2007)).

## IV.  DISCUSSION

### A.  Chief Urban

Defendants seek to dismiss Chief Urban, who is only sued in her official capacity, on grounds that she is a "redundant" defendant because Plaintiff also sues the City of Hayward.  "A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself."  *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n. 55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").  Thus, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, *supra*, local government units can be sued directly for damages and injunctive or declaratory relief."  *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985).

Applying these principles, courts in this District have dismissed defendants to the extent they are sued in their official capacities when the entity employing these individuals is also a defendant.  *See Howard v. Contra Costa Cnty.*, No. 13-3626 NC, 2014 WL 824218, at *12 (N.D. Cal. Feb. 28, 2014) (quoting *Vance v. County of Santa Clara,* 928 F.Supp. 993, 998 (N.D. Cal. 1996) ("if individuals are being sued in their official capacity as municipal officials *and* the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed.")); *Sullivan v. City of San Rafael*, No. 12-1922 MEJ, 2012 WL 3236058,

3

at *4 (N.D. Cal. Aug. 6, 2012) (dismissing with prejudice § 1983 asserted against officers in their official capacity). In *Haines v. Brand*, Judge Chen found that officers named in their official capacities were "unnecessary parties" and dismissed them from the lawsuit because "Plaintiff can simply name the City of Berkeley in their place (as he has already done)." *Haines v. Brand*, No. 11-1335 EMC, 2011 WL 6014459, at *3 (N.D. Cal. Dec. 2, 2011). The court then continued to find that the complaint sufficiently stated a claim against the City of Berkeley, and denied that portion of the defendants' motion. *Id*. at *4.

In this case, Chief Urban is sued in her official capacity. Compl. ¶ 5. There is no factual allegation suggesting that Chief Urban was involved in incident alleged in the Complaint, other than by virtue of her position as Chief of Police. Thus, Chief Urban is an "unnecessary party," as Plaintiff can directly assert a claim for municipal liability against the City of Hayward itself. *Id*. Accordingly, Chief Urban is dismissed from this case with prejudice.

### B. Municipal Liability

The Court next considers whether there are sufficient facts to state a plausible claim for municipal liability. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, "[t]o impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Howard v. Dalisay*, No. 10-5655 LB, 2014 WL 186304 (N.D. Cal. Jan. 16, 2014) (citing *Plumeau v. School Dist. # 40 County of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997)).

A *Monell* claim based on a public policy may take one of three forms: "(1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of 'deliberate indifference' to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." *Brown v. Contra Costa Cnty.*, C 12-1923 PJH, 2014 WL 1347680

4

1  (N.D. Cal. Apr. 3, 2014) (citing *Clouthier v. County of Contra Costa,* 591 F.3d 1232, 1249–50
2  (9th Cir. 2010)).

3  In the past, the Ninth Circuit required plaintiffs in civil rights actions against local
4  governments to plead no more than a "bare allegation" that the government officials' conduct
5  conformed to some government policy or custom.  *See, e.g., Shah v. County of Los Angeles,* 797
6  F.2d 743, 747 (9th Cir. 1986).  Today, however, such a claim must adhere to two principles.  *AE*
7  *ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citing *Starr v. Baca,* 652
8  F.3d 1202 (9th Cir.2011)).

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr*, 652 F.3d at 1216.

In the Complaint, Plaintiff alleges that the City of Hayward "authorized the continuing pattern and practice of permitting canine officers to bite, menace and/or attack citizens without legal justification," and that "as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct," the City of Hayward "encouraged and allowed these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights."  Compl. ¶¶ 19-20.  Plaintiff also alleges that the City of Hayward "failed to properly train, supervise and/or implement and enforce a reasonable canine policy, resulting in the violation of Plaintiff's rights."  *Id*. ¶ 21.

The Court finds that these allegations "simply recite the elements of a cause of action," and do not provide fair notice to enable the City of Hayward to defend itself effectively.  There are no factual allegations regarding how this incident resulted from a policy in place or the City of Hayward's failure to train, or even how this is similar to other dog bite incidents.  The allegations are conclusory and do not state a plausible claim for municipal liability.  Accordingly, the second

5

1  cause of action is dismissed with leave to amend.

2  **V.  CONCLUSION**

3      For the foregoing reasons, the Motion is GRANTED in part and DENIED in part.  Chief
4  Urban is DISMISSED from this lawsuit is WITH PREJUDICE.  The second cause of action for
5  municipal liability under 42 U.S.C. § 1983 against the City of Hayward is DISMISSED WITH
6  LEAVE TO AMEND.  The first and third causes of action against Defendant Cox are not
7  dismissed.  If Plaintiff chooses to amend the Complaint, she must do so within thirty (30) days of
8  the date of this order.

9      **IT IS SO ORDERED.**

10 Dated: June 19, 2014

11                                                          _____

12                                                         JOSEPH C. SPERO
                                                        United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28